[Civ. No. 17826. Second Dist., Div. One. Apr. 2, 1951.]

FRANK R. HUNT et al., Respondents, v. RICHARD J. PLAVSA et al., Appellants.

W. Verne Ahrens for Appellants.

Marlan Proctor and Walter B. Gieselman for Respondents.

WHITE, P. J.—Defendants have appealed from a judgment quieting the title of plaintiffs to certain real property. The appeal is upon the judgment roll. The complaint was in the usual form to quiet title, alleging that plaintiffs were the owners and entitled to possession of certain described property; that the defendants claimed an interest adverse to plaintiffs, and that such claims were without right. Damages were also sought for the unlawful withholding of possession of a portion of the property by defendants. Defendants by their answers denied the allegations of the complaint, and as a "further defense" alleged that they were and for a long time had been owners and in possession of certain mining claims situate in and a part of the real property.

The trial court found that the plaintiffs were the owners and entitled to possession of all of the property in question with the exception of three described parcels to which defendants had acquired title by adverse possession.

The contentions of appellants are based on the fact that the land in question, being a portion of section 16, township 5 north, range 12 west, S.B.B. & M., is "school land"—that is, a portion of one of the sections in each township which, *if not mineral* or otherwise disposed of, was granted by Congress to the State of California in aid of public schools by the Act of March 3, 1853 (10 Stats. at L. 244, 246). It is argued

that the trial court was without jurisdiction in the matter because the question of the mineral character thereof remained open until determined by the Secretary of the Interior.

■ The present appeal is here upon the judgment roll. And as is said in *Kompf v. Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350], "It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment." ■ In this type of appeal, since "the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issues; whether the judgment is supported by the findings and whether reversible error appears upon the face of the record." (*Montaldo v. Hires Bottling Co.*, 59 Cal.App.2d 642, 646 [139 P.2d 666].)

■ Appellants cannot, by designating for inclusion in the clerk's transcript documents not properly a part of the judgment roll, or by requesting that the exhibits received in evidence be transmitted to the appellate court, enlarge the scope of the appellate court's review. (*Estate of Larson*, 92 Cal. App.2d 267, 268, 269 [206 P.2d 852].)

Appellants attempt to meet this objection by asserting that the complaint does not state facts sufficient to constitute a cause of action. They argue that every court must take judicial knowledge of the extent and boundaries of the territory within which it can exercise jurisdiction; that "It is common knowledge that in California every section 16 is a school section"; and hence that any complaint which attempts to quiet title to a parcel of land in any section 16 in this state without alleging that said section 16 was previously found by the Secretary of the Interior of the United States to be not known to be mineral in character is subject to demurrer on the ground of lack of jurisdiction as well as on the ground that it does not state facts sufficient to constitute a cause of action.

The contention that title to every sixteenth section of land within the boundaries of this state vested originally in the state is based upon a false premise. Appellants overlook that the seventh section of the act of Congress excepts from the congressional grant therein every sixteenth section where "any settlement, by the erection of a dwelling house, or the cultivation of any portion of the land shall be made upon the sixteenth or thirty-sixth sections before the same shall be

surveyed, or when such sections may be surveyed, or when such sections may be reserved for public use, *or taken by private claims,* other land shall be selected by the proper authorities of the state in lieu thereof." (Italics supplied.) (See also *Bullock* v. *Rouse,* 81 Cal. 590 [22 P. 919]; *Ivanhoe Mining Co.* v. *Keystone Consol. Mining Co.,* 102 U.S. 167, 175 [26 L.Ed. 126].)

Appellants rely primarily upon *West* v. *Standard Oil Co.,* 278 U.S. 200 [49 S.Ct. 138, 73 L.Ed. 265], and *Ames* v. *Empire Star Mines Co.,* 17 Cal.2d 213 [110 P.2d 13]. The first-cited case involved, however, a suit to enjoin action which had been initiated by the Secretary of the Interior in the local land office to determine whether the particular school land involved was known to be mineral in character when the survey thereof was accepted by the Department of the Interior. It was held that the dismissal without formal hearing of an earlier land office proceeding by a predecessor in office of the Secretary of the Interior did not constitute a determination of the *fact* in issue. It was held that under the act, "If the land was then known to be mineral" (when the survey thereof was approved in 1903) "the title confessedly did not pass by the act. . . . If it was not then known to be mineral, the legal title passed to the state on that date." The court then held that where, as here, an act granting public lands excludes those known to be mineral, the determination of the fact whether a particular tract is of that character rests with the Secretary of the Interior; that the issuance of a patent by him or other action equivalent thereto imports a determination, conclusive as against collateral attack, of the nonmineral character of the land. The court found, however, that no such determination had been made.

In *Ames* v. *Empire Star Mines Co.,* 17 Cal.2d 213 [110 P.2d 13], the court was concerned with a claim of extralateral mining rights based upon mining locations which had been established long before the issuance of a patent from the United States under the Railroad Grant Act of 1866 (14 Stats. at L. 239), and even before the enactment of the enabling act itself.

We do not believe that either of the foregoing cases, nor any of the authorities relied upon by appellants support their contention that the state court was without jurisdiction to determine the conflicting claims of the parties to lands within this state. Appellants argue that by virtue of their

mineral claims they are "in privity with the United States" and that hence the state court is without jurisdiction to determine a contest between a claimant through a state patentee and a claimant under mineral rights.

That state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts has been the rule of law since the federal Constitution was adopted. (*Grubb* v. *Public Utilities Comm.*, 281 U.S. 470 [50 S.Ct. 374, 74 L.Ed. 972].) There is no such restriction applicable here.

The argument that appellants are "in privity" with the United States serves no purpose, for the respondents are equally in privity through the patent from the state and the act of Congress. The controversy is one between citizens of this state concerning land within the territorial jurisdiction of the state. Whether, under the conflicting authorities, respondents' predecessor's patent was subject to collateral attack (*Brown* v. *Luddy*, 121 Cal.App. 494, 501, 505 [9 P.2d 326], and cases cited; *People* v. *Dorr*, 68 Cal.App.2d 792, 796 [157 P.2d 859]) or was not (*Graham* v. *Reed*, 83 Cal.App. 516, 526 [257 P. 131]), is of no moment, for this court must assume that the evidence was insufficient to support any such attack, either by showing fraud in the issuance of the patent or by showing that the land was mineral in character and therefore never passed to the state. We are inclined to favor the views expressed in *Graham* v. *Reed, supra,* that such a collateral attack cannot be made by junior claimants (and it must be assumed that appellants are junior claimants).

Whatever the rights or claims of the United States might be in the premises, respondents were entitled to have their title quieted against the adverse claims of appellants. In *Van Ness* v. *Rooney,* 160 Cal. 131, 143 [116 P. 392], it was pointed out that a party who had made a valid mining location was entitled to have his title quieted although he had not obtained a patent from the United States. It was held that he was the equitable owner of the claim, with the legal title in the government, and was entitled to have such equitable title quieted against parties asserting under a railroad patent. Similarly, in *Inyo Consol. Water Co.* v. *Jess,* 161 Cal. 516 [119 P. 934], it was held that under section 738 of the Code of Civil Procedure, the person who has an interest in real property may maintain an action to determine the validity

of a conflicting claim, and that one who had acquired an incomplete title to appropriate water through diversion works within the forest reserves of the United States, was entitled to quiet his title against adverse claimants, although his application to the authorized officers of the United States had not yet been granted.

We must assume, on this appeal on the judgment roll, that the evidence would support a finding that the land in question was not known to be mineral when it was surveyed and that the location claims of the defendants were junior to the patent and the survey. In such circumstances, while the question appears not to be free from doubt, we are impressed that the applicable rule is that laid down in *Graham* v. *Reed, supra* (hearing denied by Supreme Court). There, as here, plaintiff claimed title to school lands under a patent from the State of California and defendant under a subsequent mining location. The trial court gave judgment for the plaintiff although it found that the lands were mineral in fact in 1853 and at the time of the issuance of the patent in 1890, and known to be so. On appeal the judgment was affirmed, upon the ground that plaintiff's title was not subject to collateral attack. The court reviewed the authorities and held (p. 526): "The principles discussed in the foregoing authorities are deemed decisive in the case at bar. On the authority of these cases we hold that where the state's patent was issued to plaintiff's predecessor in interest long prior to the location of defendant's mining claim, investigation as to the character of the land is concluded, and the state's patent is not subject to collateral attack, but can only be attacked on a direct proceeding to set aside the patent on the ground of fraud or other invalidity."

 The point is made that plaintiffs failed to amend their complaint to show the true names of defendants sued under fictitious names. The defendants involved appeared in the action and were named in the judgment. The omission charged is therefore inconsequential.

For the reasons stated, the judgment is affirmed.

Drapeau, J., and Hanson, J. pro tem., concurred.

A petition for a rehearing was denied April 23, 1951, and appellants' petition for a hearing by the Supreme Court was denied May 28, 1951.