[Civ. No. 20631.   Second Dist., Div. One.   Jan. 26, 1955.]

WALTER CLARK SHUMAKER, Respondent, v. EUGENE
W. BISCAILUZ, as Sheriff, etc., Defendant; EDITH
MAY FOSTER, Appellant.

Ratzer & Bridge for Appellant.

Robert B. Heggen for Respondent.

DRAPEAU, J.—Appeal from a judgment ordering a per-
emptory writ of mandate.     No reporter's transcript
having been furnished, the recitals in the judgment and the
findings of fact must be deemed true, and are binding upon
this court (*Rinker* v. *McKinley,* 65 Cal.App.2d 109 [149 P.2d
859]).

The facts are as follows: Petitioner obtained a judgment
against the real party in interest in this case, who claimed
to be his wife.  She will hereafter be referred to as "de-
fendant."

Writ of execution on the judgment was given to the sheriff
of Los Angeles County, with instructions to levy upon and
to sell a one-half interest in real property owned by de-
fendant.  The other half interest was owned by petitioner.

Defendant advised the sheriff that she had a homestead
upon the property.  In her declaration of homestead she
alleged that she was the wife of petitioner, that she was the
head of a family, that she claimed the homestead for her

benefit and for her husband, and that he had not declared a homestead upon the property. Prior to that defendant had recorded another declaration of homestead upon the same property, containing substantially the same recitals.

When the sheriff was so advised he refused to proceed with the sale of the property. Petitioner brought this action for a writ of mandate directing the sheriff to sell the property.

The court found and adjudged that defendant was not, and never had been married to petitioner, that a marriage ceremony between the parties in Mexico was invalid, and that petitioner was entitled to a peremptory writ of mandate, directing the sheriff to sell the property under the writ of execution.

Petitioner contends that this case comes squarely within the rule declared in *Rich* v. *Ervin,* 86 Cal.App.2d 386 [194 P.2d 809]. In that case it was held that although a liberal construction should be given, when a declaration of homestead contains a statement as to an essential requirement that the declarant knew to be false it is not good.

Defendant relies upon the case of *Feintech* v. *Weaver,* 50 Cal.App.2d 181 [122 P.2d 606]. In that case a mother who was living with an adult son upon the premises to be homesteaded filled in blanks in a printed form for the head of a family. Disregarding the recital that the declarant was the head of a family, sufficient recitals appeared in the declaration to make a good claim for homestead by one not the head of a family.

In this case the declaration is made by the wife as head of the family for the benefit of herself and her husband. It has uniformly been held that such a declaration by a wife which fails to state every requirement specified in the code is fatally defective. (*Crenshaw* v. *Smith,* 74 Cal.App.2d 255 [168 P.2d 752]; *Hansen* v. *Union Savings Bank,* 148 Cal. 157 [82 P. 768]; *Cunha* v. *Hughes,* 122 Cal. 111 [54 P. 535, 68 Am.St.Rep. 27].)

To hold that the declaration in this case is sufficient to claim a homestead by one not the head of a family would be to carry the doctrine of liberality applied in the Feintech case too far.

There is nothing in the record to support defendant's further contention that an appeal from petitioner's judgment stayed the execution.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.