[Civ. No. 21211. Second Dist., Div. Three. Oct. 26, 1955.]

MARION C. WHITE, Respondent, v. GEORGE W. JONES, Appellant.

568

Robert E. Benton and James R. Jaffray for Appellant.

David H. Baldwin for Respondent.

NOURSE (Paul), J. pro tem.*—This is an action to annul a deed and to quiet plaintiff's title to certain real property against the claims of defendant.

By her complaint, filed on October 17, 1952, plaintiff alleged that the defendant had induced her on the 13th of September, 1949, to sign a deed conveying the property to him and her as joint tenants under the representation that the deed constituted merely a power of attorney. She further alleged that a confidential relationship existed between her and defendant (stepfather and daughter) and that she had not discovered the fraud or had notice of facts which would put her on

---

*Assigned by Chairman of Judicial Council.

inquiry as to it until a time less than three years before the commencement of the action.

Defendant by his answer denied all the material allegations of the complaint and affirmatively pleaded the statute of limitations. (Code Civ. Proc., § 338, subd. 4.) The trial court made written findings of fact by which it found the allegations of the complaint to be true and the affirmative allegations of the answer untrue. It rendered judgment for plaintiff as prayed.

Appellant does not attack the form of the findings or their sufficiency to support the judgment. His only contention is that the findings (he does not specify which) are contrary to the evidence. Appellant has not taken advantage of either rule 4(a), rule 4(b), rule 6 or rule 7(a) of the Rules on Appeal, so as to bring to this court the oral proceedings or any part thereof. The record on appeal here consists only of the clerk's transcript which contains the judgment roll and certain documents received in evidence in the court below.

In disposing of appellant's contention this appeal is therefore to be treated as one on the judgment roll. On such an appeal the question of sufficiency of the evidence to support the findings is not open. (*Estate of Larson*, 92 Cal.App. 2d 267 [206 P.2d 852].)

The judgment here can only be attacked for errors which affirmatively appear upon the face of the judgment roll. Appellant cannot broaden the scope of this court's inquiry by incorporating in the clerk's transcript the documentary evidence received in the court below. (*Hunt* v. *Plavsa*, 103 Cal.App.2d 222 [229 P.2d 482]; *Palpar, Inc.* v. *Thayer*, 83 Cal.App.2d 809 [189 P.2d 752]; *Utz* v. *Aureguy*, 109 Cal.App.2d 803 [241 P.2d 639]; *Glogau* v. *Hagan*, 107 Cal.App.2d 313 [237 P.2d 329].)

On an appeal based on a record such as that here, we must presume that in the oral proceedings there was substantial evidence to support the findings. In that inquiry we cannot look beyond the "facts appearing in the findings" and here it is admitted that those facts support the judgment. (*Transportation Guar. Co.* v. *Jellins*, 29 Cal.2d 242 [174 P.2d 625]; *Hunt* v. *Plavsa, supra.*)

Rules 4(b), 6, 7 and 52 of the Rules on Appeal were designed to make appeals less burdensome and expensive. They were not, however, designed to nor do they broaden the questions that may be raised on a record such as the one here.

Prior to the adoption of the Rules on Appeal, on an appeal

on a partial record it was presumed that the judgment, order or ruling attacked was supported by matters received by the trial court, or proceedings had in the trial court and which had been omitted from the record. Every intendment was resolved in favor of the regularity of the proceedings in the trial court. (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673 [22 P.2d 5] ; *Garside* v. *Garside,* 80 Cal.App.2d 318 at 320 [181 P.2d 665] ; *Utz* v. *Aureguy, supra,* and cases cited therein at p. 806.)

In many cases this· presumption was contrary to the true facts, but in order to protect himself appellant was forced to bring up a voluminous record to demonstrate that the alleged error had not been cured by proceedings in the court below.

■ It was the purpose of the Judicial Council in framing the Rules on Appeal to do away with the necessity of bringing up the entire record on every appeal. (See discussion of the formulation of these rules in *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1, at pp. 10 through 20 [181 P.2d 72].) These rules provide several methods of shortening the record on appeal, each designed to make the record less voluminous and less expensive. In addition to providing for a full record on appeal, that is, a full transcript of the oral proceedings and a clerk's transcript (rules 4(a), 5(a), (b), (e)), they provide for shorter records consisting of the clerk's transcript and a partial transcript of the oral proceedings (rule 4(b)), or a settled statement (rule 4(e) and rule 7), or an agreed statement (rule 6), and a settled statement in lieu of both transcripts (rule 7(b)).

In order that an appellant might safely prosecute an appeal upon one of the limited records provided for by the rules we have mentioned, rule 52 was adopted and then read as follows: ''If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal.''

In 1947, after the adoption of the Rules on Appeal, it was held in *Alkus* v. *Johnson-Pacific Co., supra,* 80 Cal.App. 2d 1, that rule 52 was applicable to a judgment roll appeal.

The record on appeal in the cited case consisted of the judgment roll alone. The court had before it for review findings of fact, conclusions of law and a judgment declaring

the meaning of and the rights of the parties under a lease, the terms of which appeared in the judgment roll. The court held that on its face the lease was not subject to the interpretation placed upon it by the trial court and that since the respondent failed to augment the record, although invited so to do, the court under rule 52 would presume that oral evidence was not received which would support the findings and judgment. It reversed the judgment of the trial court on the ground that the evidence failed to sustain the findings and judgment. This decision is not controlling here.

Effective January 1, 1951, rule 52 was amended by adding thereto the following sentence: "On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the *foregoing presumption* shall not apply unless the error claimed by appellant appears on the face of the record."

█ Under the rule as amended the presumptions in support of the judgment that were made prior to the adoption of the Rules on Appeal apply except as expressly limited by rule 52, and it is not presumed, in the absence of the oral proceedings being made a part of the record on appeal pursuant to one of the methods provided for by the rules, that the record on appeal contains all matter material to the determination of the appeal. Therefore we must presume that the trial court received evidence which would support its findings.

In the case at bar no error appears on the face of the record. Appellant's only claim is that the fragments of the evidence made a part of the clerk's transcript contain admissions by the respondent contrary to the facts found by the trial court. Inasmuch as we must presume that the oral evidence received by the trial court sustained its findings, it is immaterial whether the documents which are a part of the record contained admissions of respondent against her interest.

The judgment is affirmed. The attempted appeal from the order denying motion for new trial is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 15, 1955.