[Civ. No. 5443. Fourth Dist. June 20, 1957.]

BORGES DUSTERS, INC., Appellant, v. SOUTHMOST AVIATION, INC. (a Corporation), Respondent.

Mobley M. Milam for Appellant.

Sturdevant & Morrow for Respondent.

MUSSELL, J.—This is an action for damages to an aircraft owned by plaintiff. It is alleged in the complaint that on or about April 8, 1954, while said aircraft was parked at the Calexico Airport, an agent and servant of defendant, Southmost Aviation, Inc., carelessly and negligently caused an aircraft of said defendant to collide with the plaintiff's aircraft, damaging it in the sum of $1,029.10. It is further alleged, on information and belief, that the defendant, Southmost Aviation, Inc., was a corporation organized and existing under and by virtue of the laws of the State of Texas and that at all times mentioned therein said corporation was engaged in doing business in the State of California.

Pursuant to an affidavit filed by the attorney for plaintiff, the trial court ordered that service of the summons and complaint on the defendant be made by personal delivery to the Secretary of State as provided in section 6501 of the Corporations Code. Service of the summons and complaint in this manner was effected by the sheriff of Sacramento County on January 11, 1956. Southmost Aviation, Inc.,

made a special appearance in the action and moved the court to set aside the said service of summons. This motion and supporting affidavit are not included in the clerk's transcript. It is stated in respondent's brief, and is not denied by the appellant, that the motion was made on the grounds that the defendant "was not then, and never had, done business in the state of California."

The clerk's transcript shows that on March 29, 1956, the following ruling was made by the court:

"The hearing on the motion to set aside service of summons in the above entitled action having been heretofore argued and submitted to the Court, at this day, it is by the Court ordered that said motion be and the same is hereby granted."

On April 5, 1956, the following formal order was signed by the court:

"On reading and filing the affidavit filed herewith, and on motion of Charles F. Sturdevant, Jr., for the defendant, Southmost Aviation, Inc., and after hearing Mobley M. Milam in opposition thereto;

"It Is Hereby Ordered, that the service of summons as to Southmost Aviation, Inc., in the above-entitled action be set aside and vacated."

Plaintiff appeals from this last mentioned order and contends that there was no basis for the court's ruling thereon. We are not in accord with this contention. ██ The record on appeal here consists only of the clerk's transcript and on such an appeal, the question of the sufficiency of the evidence to support the order is not open. It can only be attacked for errors which affirmatively appear on the face of the judgment roll and here we must presume that in the oral proceedings and hearing on the motion there was substantial evidence to support the order. (*White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913].) ██ Where an appeal has been taken on the judgment roll alone the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. The findings should receive a liberal construction to uphold rather than to defeat the judgment. (*Warburton* v. *Kieferle,* 135 Cal.App.2d 278, 281 [287 P.2d 1].)

██ Where, as here, the validity of service of process was challenged, the burden was upon plaintiff to prove that Southmost Aviation, Inc., was doing business in the State of

California at the time of the alleged collision. ▮ As is said in *Proctor & Schwartz* v. *Superior Court*, 99 Cal.App.2d 376, 379 [221 P.2d 972]:

"In *West Publishing Co.* v. *Superior Court*, 20 Cal.2d 720, 726 [128 P.2d 777], our Supreme Court says: 'Whatever the form of a particular statute authorizing service of process upon the agent of a foreign corporation which has not complied with the qualifying laws of a state, it is a fundamental requisite under the federal Constitution that the corporation shall be "doing business" in the jurisdiction where the service is made to sustain its validity. [Citations.]'

▮ "It is settled in this state that when it appears that a defendant is a foreign corporation, and the validity of the service of process is challenged, the burden is upon the plaintiff to prove that such defendant was doing business in the state [Citations]."

Plaintiff failed to present any evidence by affidavit or otherwise to meet this burden of proof and chose to rely on the allegations, on information and belief, that Southmost Aviation, Inc., was engaged in doing business in this state. The order from which this appeal was taken recites that a hearing was had on the motion and that the attorney for plaintiff was heard in opposition thereto. Apparently, his opposition consisted only of his oral argument to the court at the hearing.

The order setting aside and vacating the service of the summons and complaint is affirmed.

Barnard, P. J., and Griffin, J., concurred.