[Civ. No. 24581.   Second Dist., Div. Two.   Aug. 15, 1960.]

CORNELIA C. CHRISTIAN, Respondent, v. JOSEPH
EDWARD CHRISTIAN, Appellant.

Joseph Edward Christian, in pro. per., for Appellant.

Frank & Riley and Gordon O. Frank for Respondent.

ASHBURN, J.—Defendant in propria persona appeals from interlocutory judgment of divorce granted to respondent wife. Before us is a clerk's transcript which contains no findings or judgment. There is no reporter's transcript.

Appellant raises such points as the following: Insufficiency of the evidence to support the *judgment*; error in receiving the testimony of a certain witness; fraud and conspiracy on the part of plaintiff's attorney and defendant's attorney; error in the court's refusal to permit withdrawal of defendant's attorney; misconduct of his attorney in telling defense witnesses not to appear in court on the following day after the court had instructed them to do so; refusal and failure of defendant's attorney to cross-examine witnesses in a manner meeting with defendant's approval; refusal to produce or cause certain evidence to be produced at the trial; error in the court's failure to cite defendant's witnesses for contempt and in failure to cite his attorney for contempt in the same connection; error in proceeding with the trial with knowledge that defendant had no witnesses and was handicapped with an attorney he did not desire; prejudicial error in refusal to allow defendant support from his wife; error in disposing of community property and in respect to making payments for upkeep of joint tenancy property.

None of these matters appears upon the face of the record in this court and hence cannot be determined or considered. Obviously the sufficiency of the evidence cannot be reviewed. (*McCormack* v. *McCormack*, 175 Cal. 292 [165 P. 930].) "The presumption that the record includes all matters material to a determination of the points on appeal does not apply to a judgment roll appeal unless the error claimed by appellant appears on the face of the record (rule 52). The sufficiency of the evidence cannot be reviewed. 'In this type of appeal, since "the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issues; whether the judgment is supported by the findings and whether reversible error appears

upon the face of the record." ' (*Hunt* v. *Plavsa,* 103 Cal.App. 2d 222, 224 [229 P.2d 482].)" (*Tibbets* v. *Robb,* 158 Cal. App.2d 330, 337 [322 P.2d 585].)

Appellant does not claim that the complaint does not state a cause of action. The absence of findings makes it impossible to determine the question of whether they are within the issues and no claim is made that they are not. No argument of appellant points to any error which appears upon the face of the record.

In these circumstances the proper procedure is dismissal of the appeal. (*San Diego Inv. Co.* v. *Crane,* 40 Cal. App. 393, 394 [180 P. 837]; *Savings & Loan Soc.* v. *Meeks,* 66 Cal. 371, 374 [5 P. 624]; *Conley* v. *Apablasa,* 42 Cal.App. 2d 565, 567 [109 P.2d 367]; *Supple* v. *Luckenbach,* 45 Cal. App.2d 734, 735 [114 P.2d 734]; *Curran* v. *Giometti,* 20 Cal. App.2d 405, 406 [66 P.2d 1260]; *Valley Lbr. Co.* v. *Struck,* 146 Cal. 266, 271-272 [80 P. 405]; *Lewis* v. *Fowler,* 80 Cal. App. 717, 721 [252 P. 786].)

Another ground for dismissal inheres in the following facts. Appellant has not affirmatively shown that any judgment was actually rendered in this case. The clerk's transcript contains a minute order of February 19, 1959, which says: "Interlocutory Judgment of Divorce is Granted Plaintiff," outlines its terms concerning the property and concludes: "Findings are waived. Counsel for plaintiff is directed to prepare the judgment." Apparently defendant mistook this for a judgment, which obviously it is not (28 Cal.Jur.2d, § 3, p. 613), for his notice of appeal filed on April 6, 1959, refers to "Interlocutory Judgment therein rendered and entered in the said Superior Court on the 19th day of February, 1959" and the request for preparation of transcript on appeal, filed on April 14, 1959, recites an appeal "from the judgment rendered on February 19, 1959," but does not call for inclusion of any judgment. Respondent's brief says, at page 2: "Judgment was entered in Judgment Book 3675, page 125, on the 19th day of March, 1959." Both the notice of appeal and the request for preparation of transcript, having been filed subsequent to the last mentioned date, refer inevitably to the minute order rather than the judgment itself. Of course, that minute order is not appealable.

The appeal is dismissed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.