[Civ. No. 19479.   First Dist., Div. Two.   Mar. 24, 1961.]

WALTER NICOLAYSON, Appellant, v. CHIP STEAK
COMPANY (a Corporation), Respondent.

Francis T. Cornish for Appellant.

Merrill, Commons & Hooper for Respondent.

STONE, J. pro tem.*—Appellant filed an action for damages for breach of a sales agency agreement. The trial court, sitting without a jury, decided in favor of respondent, and appellant takes this appeal on the judgment roll.

Respondent, Chip Steak Company, a corporation, entered into an agreement with appellant's assignor, Packer Sales, Inc., giving Packer the exclusive right for one year to sell King Kold products manufactured by respondent in California. Although Packer was not obligated to order or sell any minimum quantity of King Kold products, nor to exert any effort whatever to sell the product, the agreement contained provisions covering price, time of payment, minimum case lot orders,† and place of delivery. Three and one-half months after the contract became effective, respondent notified Packer that it was terminating the agreement at the end of 30 days because of unsatisfactory results. After the 30-day period elapsed, respondent sold its King Kold products directly and Packer assigned to appellant a claim for 15 per cent commission on such sales.

The trial court decided the contract was illusory and lacked mutuality, finding that no consideration flowed from Packer Sales, Inc., appellant's assignor, to respondent. Appellant's sole ground of appeal is that this finding is erroneous. Specifically the court found that although respondent was bound to furnish King Kold products at specified prices, Packer was not bound to buy any amount or to do anything to promote the sale of the products. Appellant concedes that his assignor, Packer, made no promises but contends that the agreement was a valid unilateral contract—an offer by respondent which was accepted by Packer—similar to an exclusive real estate listing. Appellant adopted this theory in the trial court asserting acceptance of the unilateral contract by performance. In paragraph V of his complaint, it is alleged:

"Immediately upon the execution of said agreement Packer Sales, Inc. entered into the performance of said agreement and exerted its best efforts to promote the sale of King Kold brand products in the State of California, and expended a sum in excess of $3,000.00 in developing sales for King Kold brand products."

---

*Assigned by Chairman of Judicial Council.

†Although the contract did not require Packer to place any orders with Chip Steak Company, if any were placed, a minimum case lot order was required.

The trial court found all of the allegations of this paragraph of the complaint to be untrue, that is, that Packer did not perform and thereby accept the offer. In its answer, respondent, by way of affirmative defense, alleged Packer's failure to comply with minimum lot order requirements, and to pay for merchandise in the manner specified in the contract. The trial court found these allegations to be true and further that Packer was in default at the time respondent served notice of cancellation.

Even though the finding that the contract was illusory and void for lack of consideration and mutuality is to some extent inconsistent with the finding that appellant's assignor failed to perform the contract, the two are not irreconcilable. Any uncertainty in the findings will be construed to support the judgment rather than defeat it (*Richter* v. *Walker,* 36 Cal.2d 634, 639 [226 P.2d 593]; *Aguirre* v. *Fish & Game Com.,* 151 Cal.App.2d 469, 474 [311 P.2d 903]). The court found the paragraph of the complaint alleging acceptance of the contract and performance by Packer to be untrue, and additionally found the paragraph of the answer alleging Packer's default in performance of the terms of the contract to be true. If findings are uncertain, especially where the finding merely refers to a paragraph of a particular pleading by number and states that it is true or untrue, as here, the finding will be upheld if by reference to the pleading the import of the finding is reasonably certain (*Richter* v. *Walker, supra,* p. 639). The findings before us are clarified by reference to the pleadings and amply support the judgment that appellant take nothing. The additional finding that the contract was illusory is immaterial and surplusage because should appellant prevail on this point and should this court find that there was a valid contract, nevertheless the trial court's finding that Packer failed to perform the contract would bar recovery by appellant. Following the rule that all reasonable inferences must be indulged to uphold the findings and the judgment pursuant thereto, the findings here, though unartfully drawn, are sufficient (*Holmberg* v. *Marsden,* 39 Cal.2d 592, 596 [248 P.2d 417]; *Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680 [22 P.2d 5]).

Appellant argues that the violations of the terms of contract charged by respondent's answer and found by the court to be true are minimal. We have no way of knowing whether this is the fact for the appeal has been taken on the judgment

roll. ▮ Since the clerk's transcript reflects that the findings are within the issues raised by the pleadings, we must presume that the oral evidence which is not before us sustained those findings (*White* v. *Jones*, 136 Cal.App.2d 567, 571 [288 P.2d 913] ; *Gin S. Chow* v. *City of Santa Barbara, supra*).

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied April 21, 1961.