[Civ. No. 25461. Second Dist., Div. One. Oct. 3, 1961.]

HEARST PUBLISHING COMPANY, INC. (a Corporation), Plaintiff and Respondent, v. FRED ABOUNADER et al., Defendants; MARY MAZARS, et al., Defendants and Respondents; ARTHUR H. PORCHE, Defendant and Appellant.

Arthur H. Porche, in pro. per., for Appellant.

Flint & MacKay, Philip M. Battaglia and Paul L. Zimmerman for Respondents.

FOURT, J.—This is an appeal from a judgment in a declaratory relief proceeding.

The plaintiff filed the action for declaratory relief to determine the rights of the various defendants to certain prizes offered by the plaintiff, through its Los Angeles Examiner Division in a contest conducted by the plaintiff and titled, "The Examiner Who-Dunit Game." The appellant was one of the defendants who entered the contest and the subsequent tie-breaking contests.

A "Final Pre-Trial Conference Order" contained the following: "Plaintiff, through its counsel of record, has advised the Court that its only interest in this litigation is to have a judicial determination as to what persons are entitled to receive the prizes in the 'Who-Dunit' contest conducted by plaintiff and that plaintiff stands ready to distribute all of the prizes pursuant to the final judgment of the Court. The proper distribution of said prizes appears to be the only objective of this action and the single basic question involved. Plaintiff intends to present the determination of its contest judges and the reasons for this determination. Plaintiff fur-

ther represents that it does not favor one puzzle contestant over any other puzzle contestant. Plaintiff considers itself in an adversary position to all charges of fraud and deliberate misconduct on the part of its contest judges or other agents, but on other issues considers that the real adversary interests are those of one contestant claiming a prize against another contestant claiming a prize.''

The record on appeal in this court consists of appellant's notice of appeal, notice to prepare clerk's transcript, notice of intention to move for new trial, order of court denying the motion for new trial, the complaint with certain exhibits attached thereto, the answer of appellant, the final pretrial conference order, the findings and the judgment.

A résumé of some of the facts as gathered from parts of the record is as follows: From June 1, 1958, to July 24, 1958, the Los Angeles Examiner conducted a written word game contest. One hundred and sixty (160) prizes, ranging in value from $10,000 to $26.50 were offered. Certain qualifications were required before a person could become a contestant, one of which conditions was that a new three-month subscription to the paper had to be secured. There was also a special prize in addition to those heretofore mentioned. About 23,500 persons entered the contest and approximately 15,000 of the contestants submitted correct answers. In keeping with the contest rules the plaintiff conducted a second contest in order to break the ties. The first tie-breaking game was similar both in rules and content to the original contest. At the end of the first tie-breaking contest there still remained about 5,000 contestants who were tied with perfect answers. Again, in accordance with the contest rules, the plaintiff conducted a second tie-breaking contest similar in character to the first tie-breaking contest.

The rules of the second tie-breaking contest were different in some respects in that it was provided, among other things, that the first puzzle of each contestant would be judged first in order to break all ties and judging of the second and subsequent puzzle would not take place, except to resolve any ties that might still exist after the judging of the first or previous puzzle. It developed, however, that the Los Angeles public library staff solved the second tie-breaking puzzle and in effect published the correct answers. The contest judges determined that this gave some contestants an unfair advantage and eliminated the second tie-breaking contest as originally contemplated and sent out a third tie-breaking contest.

The third tie-breaking contest was designed to avoid a repetition of what had occurred and required research with certain reference works. The judges of this contest did not predetermine the only answers which could be given to the 40 puzzles contained in the contest. In other words, this was a contest which did not have but one known correct answer and the contestants who seemed to have the most appropriate answers were required to support their answers by reference citations to the authorized reference works.

The plaintiff did, pursuant to the rules of the contest, select three contest judges—one a free-lance writer, one the circulation manager of the paper and the other the promotion manager of the paper. The judges determined to make all policy decisions but due to the number of contestants directed that the contest manager and a staff would handle certain of the clerical and tabulating work.

The final list of winners was arrived at by the contest judges by examining the computations of those who had done the compiling, including the adding machine tapes and the contestants' solutions which they were advised had all been tabulated and compiled in accordance with their policy determinations previously made. In other words, the entries and the clerical work was accomplished within the confines of the contest judges' decisions, instructions and the rules of the contest.

A number of objections were made to the decision of the contest judges in declaring certain winners. The plaintiff then delivered all of the prizes, with the exception of the first 12 and the special award, to the persons named as winners by the contest judges. The plaintiff then filed the action with which we are concerned, stating therein among other things:

"Plaintiff cannot safely determine if the decision of the Contest Judges is correct and which of the defendants are the true winners of said Contest and are entitled to said prizes, and cannot pay and distribute said prizes to the winners as determined by the Contest Judges without subjecting itself to numerous law suits.

"Plaintiff's interest in said controversy is to distribute said prizes which are in its possession to those persons who are properly entitled thereto, and to act and conduct itself in accordance with the order of this Court with reference thereto."

Plaintiff asked, among other things, for an adjudication as to the respective rights of all concerned. In other words,

the plaintiff in effect was ready and desired to distribute the prizes to the winners designated by the court. There was no apparent effort to retain anything or any part of the prizes for itself or to seek anything other than a proper distribution of the prizes to those entitled thereto. In this connection plaintiff has stated in its brief to the court that it will distribute the prizes to the winners designated by the court whether said contestants defaulted or appeared in the present proceedings.

There were certain errors in the published list of winners. The trial court found accordingly and the persons affected thereby were by such action included in the list of winners.

The determinations of the contest judges and the reasons therefor were presented at the trial to the end that all of the various questions raised by all concerned could be resolved. It was found that there was no evidence of any fraud, malice, dishonesty, corruption or collusion on the part of the judges and that they had acted in the best of faith. The appellant is the only one of approximately 550 defendants in the case who appears to be dissatisfied with the judgment.

Appellant makes many contentions and assertions, the sum and total of which are to the effect that the evidence does not sustain the findings, that the trial court incorrectly ruled upon evidentiary questions, that incompetent evidence was introduced, that certain of the defendants defaulted and therefore should not be considered and that the contestants should receive interest upon their winnings.

It is to be kept in mind that appellant saw fit to bring this matter to this court upon the judgment roll.

The judgment is presumed to be correct and the appellant has the burden of establishing any error. (*Walling* v. *Kimball*, 17 Cal.2d 364, 373 [110 P.2d 58] ; *Beamon* v. *Department of Motor Vehicles*, 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396].) Under the circumstances the error must appear upon the face of the record in this court if it is to be of any assistance to the appellant.

Questions of fact were presented to the trial court. The judge resolved those questions and the rules governing this court with reference to any contention of insufficiency of the evidence, under the circumstances, are fully set forth in *Brewer* v. *Simpson*, 53 Cal.2d 567, 583-584 [349 P.2d 289]. (See also *C. F. Bolster Co.* v. *J. C. Boespflug etc. Co.*, 167 Cal.App.2d 143, 152 [334 P.2d 247] ; *Miller* v. *Brown*, 136 Cal.App.2d 763, 775 [289 P.2d 572].)

Several cases have stated the rules which govern this court in matters of similar nature. ▮ In *Christian* v. *Christian*, 183 Cal.App.2d 720, 721-722 [7 Cal.Rptr. 154], after stating that the sufficiency of the evidence cannot be reviewed, the court said:

"... 'The presumption that the record includes all matters material to a determination of the points on appeal does not apply to a judgment roll appeal unless the error claimed by appellant appears on the face of the record (rule 52). The sufficiency of the evidence cannot be reviewed. ▮ "In this type of appeal, since 'the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issue; whether the judgment is supported by the findings and whether reversible error appears upon the face of the record.' " (*Hunt* v. *Plavsa*, 103 Cal. App.2d 222, 224 [229 P.2d 482].)' (*Tibbets* v. *Robb*, 158 Cal. App.2d 330, 337 [322 P.2d 585].)"

▮ In *Thornton* v. *Stevenson*, 185 Cal.App.2d 708, 712-713 [9 Cal.Rptr. 603], it is stated: "First, it must be borne clearly in mind that because this is an appeal on the judgment roll alone, no question of the sufficiency of the evidence to support the findings is presented. ▮ Since, for purposes of appeal, it must be presumed that whatever findings are made are fully supported by the evidence, only those deficiencies appearing on the face of the record will be considered. (*deVries* v. *Brumback*, 53 Cal.2d 643, 647 [5] [2 Cal.Rptr. 764, 349 P.2d 532]; *Borges Dusters, Inc.* v. *Southmost Aviation, Inc.*, 152 Cal.App.2d 25, 27 [1, 2] [312 P.2d 712]; *White* v. *Jones*, 136 Cal.App.2d 567, 569 [1, 2, 3, 4] [288 P.2d 913].)

▮ "As was said in *Warburton* v. *Kieferle*, 135 Cal. App.2d 278, 281 [2, 3] [287 P.2d 1]: " 'Where an appeal has been taken on the judgment roll alone the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. (Citation.) ▮ The findings should receive a liberal construction to uphold rather than to defeat the judgment.'

▮ "... As has heretofore been pointed out, evidentiary matters are not before this court on an appeal on the judgment roll alone (*Miller* v. *Pacific Pipeline Constr. Co., supra,*

138 Cal.App.2d 187, 191 [2] [291 P.2d 534], and such statements will be disregarded because they pertain to matters not contained in the record. (*Estate of Edwards,* 173 Cal. App.2d 705, 710 [5] [344 P.2d 89].)''

█ In *Chapin* v. *Gritton,* 178 Cal.App.2d 551, 553 [3 Cal.Rptr. 250], this court said: ''This appeal is taken on the clerk's transcript. No reporter's transcript has been furnished and therefore the recitals in the judgment and the findings of fact are deemed to be true and are binding upon this court. (*Crowell* v. *Braly,* 169 Cal.App.2d 352, 354 [337 P.2d 211]; *Transportation Guar. Co.* v. *Jellins,* 29 Cal.2d 242, 245 [174 P.2d 625]; *White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913]; *Shumaker* v. *Biscailuz,* 130 Cal.App.2d 414 [278 P.2d 939]; *Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350].)

█ ''The rule is well stated in *Ferl* v. *Ferl,* 135 Cal. App.2d 458 [287 P.2d 514] at page 462: '. . . For it is so well settled as to be considered axiomatic that upon an appeal upon the judgment roll alone it is presumed that the findings of fact, conclusions of law, and judgment were within the issues raised by the pleadings and the evidence, and were fully supported by the evidence at the trial. In the case of *Freeman* v. *Gray-Cowan Inc.,* 219 Cal. 85 [25 P.2d 415], the court, in sustaining a judgment for the plaintiff, stated as follows, at pages 87-88:

'' ' '' . . . In *Silvers* v. *Grossman,* 183 Cal. 696, 702 [192 P. 534], it is said: 'And where the appeal is upon the judgment roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that the evidence in support of such issues was introduced and went in without objection. (Citations); . . .' '' ' ''

*White* v. *Jones,* 136 Cal.App.2d 567, states at pages 569-570 [288 P.2d 913]:

█ ''The judgment here can only be attacked for errors which affirmatively appear upon the face of the judgment roll. Appellant cannot broaden the scope of this court's inquiry by incorporating in the clerk's transcript the documentary evidence received in the court below. (*Hunt* v. *Plavsa,* 103 Cal.App.2d 222 [229 P.2d 482]; *Palpar, Inc.* v. *Thayer,* 83 Cal.App.2d 809 [189 P.2d 752]; *Utz* v. *Aureguy,*

109 Cal.App.2d 803 [241 P.2d 639]; *Glogau* v. *Hagan,* 107 Cal.App.2d 313 [237 P.2d 329].)

 ''On an appeal based on a record such as that here, we must presume that in the oral proceedings there was substantial evidence to support the findings. In that inquiry we cannot look beyond the 'facts appearing in the findings' and here it is admitted that those facts support the judgment. (*Transportation Guar. Co.* v. *Jellins,* 29 Cal.2d 242 [174 P.2d 625]; *Hunt* v. *Plavsa, supra.*)

 ''Rules 4(b), 6, 7 and 52 of the Rules on Appeal were designed to make appeals less burdensome and expensive. They were not, however, designed to nor do they broaden the questions that may be raised on a record such as the one here.

''Prior to the adoption of the Rules on Appeal, on an appeal on a partial record it was presumed that the judgment, order or ruling attacked was supported by matters received by the trial court, or proceedings had in the trial court and which had been omitted from the record. Every intendment was resolved in favor of the regularity of the proceedings in the trial court. (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673 [22 P.2d 5]; *Garside* v. *Garside,* 80 Cal.App.2d 318 at 320 [181 P.2d 665]; *Utz* v. *Aureguy, supra,* and cases cited therein at p. 806.)

''In many cases this presumption was contrary to the true facts, but in order to protect himself appellant was forced to bring up a voluminous record to demonstrate that the alleged error had not been cured by proceedings in the court below.'' There then follows a statement of the purpose of the Judicial Counsel in framing the Rules on Appeal with reference to abbreviated records. Following this it is said:

''Effective January 1, 1951, rule 52 was amended by adding thereto the following sentence: 'On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the *foregoing presumption* shall not apply unless the error claimed by appellant appears on the face of the record.'

 ''Under the rule as amended the presumptions in support of the judgment that were made prior to the adoption of the Rules on Appeal apply except as expressly limited by rule 52, and it is not presumed, in the absence of the oral proceedings being made a part of the record on appeal pursuant to one of the methods provided for by the rules, that the record on appeal contains all matter material to the de-

58

termination of the appeal. Therefore we must presume that the trial court received evidence which would support its findings." (See also *Tibbets* v. *Robb*, 158 Cal.App.2d 330, 338-339 [322 P.2d 585].)

The appellant apparently has attempted to raise issues or contentions in this court which were not argued or presented to the trial court. This court said in *Buckley* v. *Savage*, 184 Cal.App.2d 18, 32 [7 Cal.Rptr. 328]:

". . . Issues not raised in the trial court will not ordinarily be considered on appeal. (*Damiani* v. *Albert*, 48 Cal.2d 15, 18 [306 P.2d 780]; *Estate of Cunningham*, 148 Cal.App.2d 8, 13 [305 P.2d 920]; *King* v. *Tilden Park Estates*, 156 Cal.App. 2d 824, 832 [320 P.2d 109].)"

We think that there was no error in the proceeding and that the judgment ought to be affirmed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 29, 1961.