[Civ. No. 11466.   Third Dist.   Aug. 16, 1967.]

EMMETT ANDERSON et al., Petitioners and Appellants, v. COUNTY OF EL DORADO et al., Defendants and Respondents.

Colley & McGhee for Petitioners and Appellants.

Daryl J. McKinstry, County Counsel, and Gene McCabe, Deputy County Counsel, for Defendants and Respondents.

REGAN, J.—Emmett Anderson and Ruth Ellen Anderson filed a ''Petition for Writ of Mandate Or Other Appropriate Relief'' in the Superior Court, County of El Dorado, praying that the court direct the respondents (in particular, the El Dorado County Department of Welfare) to cease and desist from violating rules and regulations of the State Department of Social Welfare and the equal protection clauses of the federal and state Constitutions.

Petitioners since 1962 have been duly licensed operators of a home for aged persons, pursuant to a license issued by the State Department of Social Welfare.[1] The department is authorized by section 16201 of said code to make such rules and regulations as it deems best for the government of such institutions. In their suit, petitioners contend that the statutory provisions governing licensed homes for the aged, and the rules and regulations promulgated thereunder, imposed some sort of affirmative duty on the part of the respondents towards operators of the homes, and that the local welfare department had adopted a wilful course of conduct depriving petitioners of their rights. Judgment was entered for respondents and the petition was denied.

Petitioners filed a timely notice of appeal and elected to proceed on the clerk's transcript alone, consisting of the Petition for Writ of Mandate, Order to Show Cause, Answer to Petition, Memorandum of Counsel filed with the trial court, Findings of Fact and Conclusions of Law and the Judgment. There has been no augmentation of the record. The record contains no total or partial reporter's transcript nor an agreed or settled statement. This type of appeal is usually referred to as a judgment roll appeal. (*Estate of Larson,* 92 Cal.App.2d 267, 268 [206 P.2d 852]; see also *Olson* v. *City of Hawthorne,* 235 Cal.App.2d 51, 52 [45 Cal.Rptr. 48].) On such an appeal since ''the evidence is not before this court, we are confined to a determination of the questions as to whether the complaint states a cause of action; whether the findings are within the issues; whether the judgment is supported by the findings and whether reversible error appears upon the face of the record.'' (*Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642, 646 [139 P.2d 666]; *Estate of Larson, supra,*

---

[1]License issued pursuant to section 16200 et seq. Welfare and Institutions Code.

92 Cal.App.2d at p. 268; see 3 Witkin, Cal. Procedure (1954) Appeal, §§ 80-81, pp. 2239-2243; see also Cal. Rules of Court, rule 52.[2])

In *White* v. *Jones,* 136 Cal.App.2d 567, 571 [288 P.2d 913], it is stated: ''Under the rule as amended the presumptions in support of the judgment that were made prior to the adoption of the Rules on Appeal apply except as expressly limited by rule 52, and it is not presumed, in the absence of the oral proceedings being made a part of the record on appeal pursuant to one of the methods provided for by the rules, that the record on appeal contains all matter material to the determination of the appeal. Therefore we must presume that the trial court received evidence which would support its findings.''

Petitioners specifically claim that the respondents are charged by law with the licensing, regulation, supervision and referral of aged persons within the county to licensed homes; that they are charged by law to effectuate the established policies of the State Department of Social Welfare; that respondents pursued a systematic course in refusing to send or refer eligible patients to petitioners' licensed home as required by the rules and regulations of the State Department of Social Welfare in violation of petitioners' constitutional rights of equal protection of the laws under the state and federal Constitutions, resulting in irreparable harm and loss to petitioners and demanding that respondents be made to cease and desist from such conduct.

Respondents answered the petition admitting that under the rules and regulations of the State Department of Social Welfare a contract exists between the state and respondents; that, thus, the latter are responsible for the licensing, inspection and supervision of local boarding homes, but that the agreement gives no special right or privilege to petitioners.

At the hearing on the order to show cause witnesses were called, sworn and testified and certain exhibits admitted in evidence. The matter was then ordered submitted upon the receipt by the court of letter briefs.

---

[2]Rule 52. Presumption where record not complete.

''If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record.''

The trial court made its findings of fact and conclusions of law, as follows:

## "FINDINGS OF FACT

"All of the facts alleged in the complaint [petition] are true except as to those otherwise specified and as to those allegations, the court finds as follows:

### "I

"That no law, rules or regulations alleged in paragraph VI to charge Respondents with specific duties and responsibilities towards licensed operators of homes for aged persons so state on their face.

### "II

"That Respondents have not pursued a consistent intentional and systematic course of discriminatory conduct towards Petitioners as alleged in paragraph VII of this petition.

### "III

"That Respondents have not refused intentionally or systematically or by scheme or design to refer or send aged persons or others seeking accommodations to Petitioners as alleged in paragraph VII of the petition.

### "VI

"That Petitioners have not sustained loss or harm as a result of any acts or omissions by the Respondents.

### "V

"That Petitioners have not repeatedly or on numerous occasions requested Respondents to comply with any laws, rules or regulations or constitutional mandates as alleged in paragraph VIII of the petition.

### "VI

"That Respondents have never refused to comply with the mandates of the constitutions of the United States or the State of California or the rules and regulations of the State Department of Social Welfare as alleged in paragraph IX of the petition.

## "CONCLUSIONS OF LAW

"From its Findings of Fact the court makes the following Conclusions of Law:

### "I

"Respondent is not charged by the laws and regulations of the State Department of Social Welfare or by the Welfare

and Institutions Code of the State of California with any direct duty towards operators of homes for the aged as a class.

## "II

"Respondent has not acted so as to deprive Petitioners of any right without due process of law.

## "III

"Respondent has not acted so as to deprive Petitioners of equal protection under the laws. Respondent has not unlawfully precluded Petitioners from the use or enjoyment of any right to which they are entitled.

## "IV

"Petitioners have not refused to perform any act specifically enjoined under the law.

"Judgment is hereby ordered to be entered accordingly."

These findings are within the issues and amply support the judgment. In so holding we have carefully considered the first finding of fact and conclusion of law relating to the duty of respondents towards licensed operators of homes for aged persons. In our view these statements are ambiguous and possibly constitute error as a matter of law, although we need not decide that matter. Our independent examination of the statutory provisions relating to homes for aged persons (Welf. & Inst. Code, § 16200 et seq.) and the regulations of the State Department of Social Welfare, leads us to believe that these provisions do require the county welfare department to make referrals to rest homes, in the sense that the department must provide potential inmates and their families with information regarding the homes and vacancies. Specifically, in administering the El Dorado County program of licensed homes for aged persons pursuant to Welfare and Institutions Code and the rules and regulations of the State Department of Social Welfare, respondents are charged, among other things, with establishing a system of compiling and recording information concerning community needs and the characteristics of homes to supply such needs; to review such data periodically to determine the number and types of homes; to develop a program to recruit homes in accordance with community needs; to provide adequate service of counseling and referral for persons requesting information about available homes; and to furnish a list of licensed homes that care for an applicant's needs. We hold respondents are required to deal fairly and in good faith with each licensee

with regulated and licensed facilities as well as with the applicants who are in need of care. ■ Nevertheless, the trial court's possible error of law in finding number one is inconsequential, for this court may not go behind the trial judge's findings declaring that the county welfare department has been innocent of wrongdoing or discrimination. On this appeal the question of sufficiency of the evidence to support the findings is not open. (*White* v. *Jones, supra,* 136 Cal.App.2d 567.) In *White* the court stated at page 569: "On an appeal based on a record such as that here, we must presume that in the oral proceedings there was substantial evidence to support the findings. In that inquiry we cannot look beyond the 'facts appearing in the findings' . . . ."

■ Finally, petitioners have urged us to make findings of fact contrary to those made by the trial court. (See Code Civ. Proc., § 956a; *Tupman* v. *Haberkern,* 208 Cal. 256, 265-266 [280 P. 970].) There is nothing in the record, however, to dispute the trial court's findings that petitioners simply have not been wronged, have not been discriminated against, and thus have no claim to relief.

No error appearing on the face of the record, and since we must presume that the evidence received by the trial court sustained its findings, the judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.