[Civ. No. 39963. Second Dist., Div. One. Dec. 29, 1972.]

LUCIE M. B. VANDERSTOK, Plaintiff and Appellant, v.
BANK OF AMERICA, Defendant and Respondent.

## COUNSEL

Stearns & Pattillo and Charles F. Catterlin for Plaintiff and Appellant.

Robert H. Fabian, Harris B. Taylor and Bert C. Johnson for Defendant and Respondent.

## OPINION

LILLIE, J.—Plaintiff wife filed suit for divorce against Vanderstok listing certain community property; Bank of America was joined as a defendant because it held on deposit certain community funds and had been named by Vanderstok as trustee of an *inter vivos* revocable trust consisting of various stocks and cash, all community property. On July 23, 1969, the parties executed a marital settlement agreement listing all of the property and providing that plaintiff receive, among other properties, cash and stocks, "600 shares of Emory Common" and Vanderstok "the remainder." An interlocutory judgment was entered July 29, 1969, incorporating by reference the agreement, and ordering the community property be divided as provided therein and the bank to dissolve the trust "pursuant to the terms of the Marital Settlement Agreement." Because of certain administrative delays, the bank made actual distribution of the stock on November 13, 1969, distributing cash, stock, and "600 shares of Emory Common" to plaintiff, and "the remainder" to Vanderstok. No appeal from final judgment entered February 9, 1970, was taken by any party.

A year and a half later (August 3, 1971) plaintiff filed order to show cause against Vanderstok and Bank of America for an order for restitution charging in her declaration that originally there had been among various stocks in the trust 1,200 shares of Emory Common; on July 31, 1969, two days after entry of interlocutory judgment, the common stock of Emory Industries, Inc., split three-for-one creating 3,600 shares; the bank as trustee had known since March 1969 of the pendency of the stock split of which she and the attorneys were unaware; and it was intended by the marital settlement agreement that the 1,200 shares of Emory Common be divided equally but the bank distributed to her only 600 shares and to Vanderstok the remaining 3,000. The bank moved to quash the order to show cause on the ground that the trial court was without jurisdiction to hear the same because the judgment had become final, no appeal having been taken by either party; and by declaration of its counsel asserted com-

pliance with the judgment and agreement on November 13, 1969. Plaintiff appeals from order granting motion to quash. Vanderstok is not a party to this appeal; order to show cause against him is still pending.

■ "Every court has power to compel obedience to its judgments and orders (Code Civ. Proc., § § 128, subd. 4, 177) and a court of equity retains inherent jurisdiction to oversee and enforce execution of its decrees. (Witkin, Cal. Procedure (2d ed. 1970) Judgments, § 79, p. 3240; see, e.g., *Leser & Son* v. *Seymour,* 35 Cal.2d 494, 500 [218 P.2d 536]; *Green Trees Enterprises* v. *Palm Springs Alpine Estates,* 66 Cal.2d 782, 788 [59 Cal.Rptr. 141, 427 P.2d 805]; *Vallelunga* v. *Gomes,* 102 Cal.App.2d 374, 382 [227 P.2d 550].)" (*Brown* v. *Brown,* 22 Cal.App.3d 82, 84 [99 Cal.Rptr. 311].)
■ That portion of the interlocutory judgment commanding the bank to dissolve the trust pursuant to the provisions of the marital settlement agreement incorporated therein by reference is in the nature of a mandatory injunction inasmuch as it commands the doing of an affirmative act; a proceeding in contempt is a proper process for the enforcement or execution of an order or judgment of the court which is in the nature of an injunction. (*Smith* v. *Smith,* 18 Cal.2d 462, 464, 465 [116 P.2d 3].) It appears, therefore, that for the purpose of compelling performance of the judgment continuing jurisdiction over the subject matter and the bank exists in the trial court if there had been no compliance by the bank with the judgment.

Respondent asserts that the trial court made a preliminary finding that the bank had complied with the judgment then held it lacked jurisdiction to hold the bank in contempt for so complying; acknowledgment thereof is inherent in appellant's contention of noncompliance. Relying on *Brown* v. *Brown,* 22 Cal.App.3d 82 [99 Cal.Rptr. 311], appellant argues that the bank by its distribution to her of only 600 shares of Emory Common failed to comply with the judgment, and it was error to grant the motion to quash. The thrust of her argument is that she and Vanderstok really intended to equally divide the stock in the trust and, in any event, inasmuch as on the date of the interlocutory judgment the stock was not yet split the order to the bank to distribute "600 shares of Emory Common" meant pre-split shares, and under section 732, Civil Code, she was entitled to the proceeds thereof, a total of 1,800 post-split shares.

■ Appellant saw fit to bring the matter to this court solely on the judgment roll. Thus the order granting the motion is presumed to be correct, and appellant has the burden of establishing error (*Walling* v. *Kimball,* 17 Cal.2d 364, 373 [110 P.2d 58]); such error must appear on the face of the record. (*Hearst Publishing Co.* v. *Abounader,* 196 Cal.App.2d 49, 54 [16 Cal.Rptr. 244].) Respondent represents that at the hearing on the motion to quash appellant's witness testified that it was intended she receive equal

shares but conceded that this intention was never communicated to Vanderstok or the bank and further, that not all of the other stock was intended to be or in fact was divided equally. However, there is in the record before us no reporter's transcript of the oral proceedings had although it is clear from the briefs and from the declaration filed by plaintiff on her order to show cause and by the bank's attorney on its motion to quash that a factual question of compliance by the bank was indeed presented to the trial court.

■ Under the circumstances there is no question of the sufficiency of the evidence to support the trial court's preliminary finding that the bank had complied with the judgment (*Rodriguez* v. *Barnett,* 52 Cal.2d 154, 157 [338 P.2d 907]; *Haskins* v. *Holmes,* 252 Cal.App.2d 580, 582 [60 Cal. Rptr. 659]) for the evidence is conclusively presumed to be sufficient to sustain it. (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680 [22 P.2d 5]; *Hunt* v. *Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482]; *Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350].) ■ Thus, the present inquiry is limited to a consideration whether the finding supports the order (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680, *supra;* *Noble* v. *Beach,* 21 Cal.2d 91, 98-99 [130 P.2d 426]), and the finding is to receive such construction as will uphold rather than defeat it. (*Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680, *supra;* *Hearst Publishing Co.* v. *Abounader,* 196 Cal.App.2d 49, 55 [16 Cal.Rptr. 244].)

■ The preliminary finding herein that the bank complied with the judgment supports the trial court's holding that it lacked jurisdiction to hold the bank in contempt for such compliance and the order granting the motion to quash.

We agree with the decision in *Brown* v. *Brown,* 22 Cal.App.3d 82 [99 Cal.Rptr. 311], but the factual situation therein bears no semblance to that here under consideration. In *Brown* there was a clear violation by appellant wife of the judgment that specifically ordered that certain New Horizons stock "shall be divided equally" between the parties (p. 83), and the trial court so found. She sold the shares and gave her husband less than half of the proceeds; it was from the order requiring her to pay him the unpaid portion she appealed. This court affirmed the order rejecting her argument that the original judgment contained no provision for enforcement of the order directing division of the stock, the judgment had become final and could not be modified, and since a new trial had not been granted a new judgment could not be entered. It held that the judgment did not merely state the respective rights of the parties but mandated an affirmative division of the stock and that in requiring appellant to pay her husband the balance due, the trial court did not modify its judgment or create a new judgment but merely implemented the existing order to divide the stock equally

(p. 84). In the instant case the judgment ordered the bank to dissolve the *inter vivos* trust and distribute the assets pursuant to the terms of the marital settlement agreement; the agreement provides that "the community property of the parties shall be divided as follows:" thereafter listing among the property to be conveyed to plaintiff various shares of stock in the trust including "600 shares of Emory Common," and certain stock which "represents the remainder after distribution of stock . . . to Wife," to Vanderstok. Nowhere in the agreement or the judgment is there a provision for equal division of the community property or any of the stock, or an express intention that the stock in the trust shall be equally divided. And, in light of the rules governing appeals on the judgment roll, and the preliminary finding that the bank complied with the judgment, we presume that contrary testimony, if any, was rejected by the trial court. Nor does there appear to be any ambiguity in the marital settlement agreement itself; indeed if there is, it is subject to construction against appellant whose counsel prepared both the judgment and agreement. ■ The bank having strictly complied with the judgment leaving nothing further for it to do in its performance thereof, and the judgment having become final by lapse of time for appeal or other direct attack on the judgment, the court no longer had jurisdiction over the subject matter insofar as it related to the bank. (*Roberts* v. *Roberts,* 241 Cal.App.2d 93, 100-101 [50 Cal.Rptr. 408]; *Grant* v. *Superior Court,* 214 Cal.App.2d 15, 20 [29 Cal.Rptr. 125].)

While the court in *Brown* v. *Brown,* 22 Cal.App.3d 82 [99 Cal.Rptr. 311], stated that "Under the circumstances it would have been reasonless for the trial court to bring about unnecessary litigation and delay·an inevitable result by requiring [respondent] to initiate a new action against [appellant] to obtain what was already his under the existing judgment" (p. 84), this was predicated on the trial court's finding that appellant therein in fact had failed to comply with the judgment. We intend nothing in this opinion to preclude appellant from pursuing whatever remedy she may have in relation to the 600 shares of Emory Common against the bank and/or Vanderstok.

The order is affirmed.

Wood, P. J., and Thompson, J., concurred.