No. 14,908.

Jones *v.* McKinney.
(110 P. [2d] 258)

Decided February 3, 1941.

Mr. John W. Elwell, for plaintiff in error.

Mr. Harry P. Vories, Mr. William E. Anderson, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Defendant in error, to whom we hereinafter refer as McKinney, brought an unlawful detainer action against plaintiff in error, herein mentioned as Jones, and had judgment for possession. Action was predicated on a

contract of sale of land from McKinney to Jones which contained the usual forfeiture clause. Reversal is sought principally on the ground that the deed under which McKinney asserted title was in fact an equitable mortgage and should be so considered under section 281 of the Code of Civil Procedure.

The land involved was a twenty-acre tract near Pueblo which Jones purchased in 1919 from one Friday for the sum of $2,100. The said purchase price was reduced to $500 by a return to Friday of certain shares of water stock valued at $1,600. Jones and his wife established their home on the land and have continued to occupy it as such ever since. Early in 1938, Friday requested the balance of $500 due him. Jones arranged to borrow the money from McKinney who agreed to take a deed in his (McKinney's) name for the duration of the loan, and deed it back to Jones upon repayment of the sum borrowed. McKinney's testimony concerning the deal was: "Mr. Jones came to me and told me he wanted to borrow some money from me. Well, I says, all right; he says, And I will give you this money back at any time you want it, but when I got to see Mr. Friday, Mr. Friday asked me, are you the man who wanted to buy this land? I said I promised to take a mortgage on some land for Mr. Jones. He says, Well, you don't need Mr. Jones; it is my land; why I am selling you this land, I am too old to fool with it; I will give you a warranty deed to that land." Without further consulting Jones, and in his absence, McKinney paid Friday the $500 and received a deed to the tract.

In pursuance of the oral agreement with McKinney, Jones caused the abstract to be brought down to date and had it examined by an attorney, paying the fees therefor. McKinney accompanied him to the lawyer's office.

The day following his obtaining the deed—February 21, 1938—McKinney refused to enter into a contract under the terms upon which they had previously agreed,

and, instead, presented the contract here involved for Jones' signature, which contract was to the effect that he would give Jones a deed to the property on condition that Jones pay him $600 on February 21, 1939, with interest at eight per cent. This contract, prepared by McKinney, was signed by Jones. Jones paid $48 interest for the year, and about the time the note was due made a payment of $99 on the principal, at which time, Jones testified, McKinney agreed to extend the time of payment of the balance one year. McKinney denies that there was any such agreement. He served the statutory notice to vacate on Jones October 10, 1939, and this action was commenced February 10, 1940. Jones tendered the $500 balance due on the principal and agreed to pay such other sums as the court might order. He testified that the present value of the land in question is about $1,800.

We are of the opinion that Jones has made out a case for equitable relief here. While it is true that his contract recited that "time was of the essence," we do not think there is anything in the record to indicate that it was so in fact. *Rocky Mt. Gold Mines v. Gold S. & T., Inc.*, 104 Colo. 478, 93 P. (2d) 973. Jones and his wife are now about sixty-five years of age. This little tract of land has been their home for over twenty years. According to McKinney's own testimony this was to be a loan, and, under the circumstances, we feel he should accept what he agreed to take, even though payment comes a little late, especially since he made $100 profit on the deal. All that need be said here was stated concerning a somewhat similar transaction in *Taylor v. Briggs*, 99 Colo. 89, 98, 60 P. (2d) 1081.

■ As to the contention that parol evidence is not admissible to controvert the terms of the contract, this case falls within the rule that such evidence is proper for the purpose of showing a resulting trust. When McKinney agreed to loan Jones the money to save his home, we think such trust was established in favor of the lat-

ter, and that McKinney holds the legal title in trust for Jones. *McPherrin v. Fair*, 57 Colo. 333, 141 Pac. 472. No good purpose would be served by requiring a foreclosure, as of a mortgage. The balance due McKinney, except interest, is on deposit in the trial court.

The judgment is reversed and the cause remanded with directions to turn over the deposited money to McKinney—Jones to pay such further interest at eight per cent as the court shall find to be due upon the tendering by McKinney of a proper deed to the premises.

Mr. Chief Justice Francis E. Bouck, Mr. Justice Otto Bock and Mr. Justice Hilliard concur.