[Civ. No. 26141. Second Dist., Div. Three. Nov. 23, 1962.]

SAMUEL J. FERELLI, Plaintiff and Respondent, v. RICHARD E. WEAVER, Defendant and Appellant.

Sam Houston Allen for Defendant and Appellant.

Pastor & Zipser and Stanley Zipser for Plaintiff and Respondent.

FILES, J.—This is an action by a building contractor against an owner to recover money on his contract and to foreclose a mechanic's lien. After a court trial plaintiff prevailed and defendant has appealed from the judgment.

The record here consists only of a clerk's transcript. It does not include any transcript or summary of the evidence.

Rule 52 of the California Rules of Court* provides as follows: ''If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record.''

Under this rule the judgment can be attacked only for errors which affirmatively appear upon the face of the record on appeal. (*Hearst Publishing Co.* v. *Abounader,* 196 Cal.App.2d 49 [16 Cal.Rptr. 244]; *White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913]; *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806 [241 P.2d 639]; *Palpar, Inc.* v. *Thayer,* 83 Cal.App.2d 809, 811 [189 P.2d 752]. See 3 Witkin, California Procedure, p. 2241.)

Furthermore, under California Constitution, article VI, section 4½, the judgment may not be set aside for any error as to any matter of procedure unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

All of the points argued by defendant on this appeal relate to the sufficiency of the pleadings and the findings of fact. We have reviewed the whole record on appeal, and are unable to say from such examination that any errors occurred which resulted in a miscarriage of justice. It appears that plaintiff did build a building at the request of defendant, and at the trial the parties litigated the reasonable value of the improvements. The trial court made findings of fact as to the value of the improvements and the amount paid or credited on account and the balance due. It must be assumed that ample evidence supports those findings. (See *de Vries* v. *Brumback,* 53 Cal.2d 643, 648 [2 Cal.Rptr. 764, 349 P.2d 532].) We are not persuaded, from the record before us, that there were any

---

*Formerly Rules on Appeal, rule 52.

other issues of substance, and hence errors pertaining to other issues would not be prejudicial. This decision rests solely upon that ground. No good purpose would be served in criticizing the pleadings, the findings and the informalities of procedure which appear in this record. Our failure to do so does not indicate approval, nor that the same practices would not be prejudicial in another context.

The original complaint contained three counts. The first alleged, among other things, that the parties had entered into an oral contract whereby plaintiff was to construct a five-unit apartment building for defendant, the defendant to pay to plaintiff the actual cost when and as labor and materials were furnished, and to pay a $4,000 fee within two years after completion. Plaintiff alleged that he had performed this contract "until all work was completed." The balance due for labor and materials was alleged to be $21,754.27. The second count alleged that defendant was indebted to plaintiff in the amount of $21,754.27, made up of $2,874.74 paid out by plaintiff for the use of defendant, and $18,879.53 for obligations incurred by plaintiff for the benefit of defendant. The third count alleged an account stated in the amount of $21,754.27.

The answer denied the oral contract and alleged a written contract, a copy of which was attached, whereby plaintiff agreed to build the apartment house for a fixed price of $42,020. The answer alleged that any work done had been performed under the written contract, but defendant denied knowledge of the value of the labor and materials furnished. Defendant alleged that $27,260 had been paid on account. The allegations of an account stated were denied. Defendant filed a cross-complaint which alleged that plaintiff had commenced construction work under the written contract and had incurred obligations to various persons for labor and materials, and had failed to pay said persons, and that said persons had filed mechanic's liens on defendant's property in the aggregate amount of $19,000. The written contract contained an express provision that the contractor would pay promptly all bills for labor and material and would hold the owner free and harmless against all claims of lien. The cross-complaint also alleged that defendant had paid to plaintiff $2,000 under an oral agreement for the installation of certain personal property which had not been installed. The prayer of the cross-complaint was for $2,000 plus "such amount as shall be found to be the difference between the valid liens upon defendant's

property and the amount remaining unpaid under the provisions of Exhibit 'A' [the written contract]."

The answer to the cross-complaint admitted that the written instrument attached to the answer and cross-complaint had been signed, but denied that the parties had intended it to be a contract; and alleged that the instrument had been prepared solely to assist defendant to obtain financing. Plaintiff admitted that there were unpaid obligations to subcontractors in the amount of $21,754.27. The alleged oral agreement to furnish personal property and the receipt of $2,000 as alleged in the cross-complaint were denied by plaintiff.

The action was not pretried, apparently on the representation of counsel that it could be tried in two hours.

After four days of trial the court made a minute order on August 11, 1960, which provided in part as follows:

"Interlocutory judgment is ordered as follows: Plaintiff is ordered to discharge all liens on subject property and to present proof to court of such discharge. Plaintiff is further ordered to pay any other outstanding claims or demands that may arise from subject contract. If and when this order is discharged the plaintiff shall have judgment against the defendant in the sum of $8256.00 and subject property shall be subject to lien in favor of plaintiff.

"Each side to bear own costs.

"Attorney for plaintiff to prepare interlocutory judgment and findings and also ordered to file an amendment to complaint adding a count for declaratory relief."

On August 16, 1960, plaintiff filed an amended complaint which repeated substantially the first three counts of the original complaint and added a fourth count which alleged in substance as follows: That a controversy existed between the parties as to the nature of the agreement under which plaintiff acted as general contractor for defendant; that plaintiff contended he was acting under an oral contract whereby he was to receive his costs plus a fee of $4,000, while defendant contended that the parties were acting under the written contract; and that if the court should find that the written contract was valid, defendant was nonetheless liable to plaintiff for extra labor and materials furnished to defendant beyond the requirements of the plans and specifications, as set forth on an attached exhibit. The exhibit attached to the amended complaint listed some 33 extras, with a price for each, totaling $14,219.17.

No provision was made for any responsive pleading to the amended complaint, but neither was there any obstacle to

defendant's filing another answer if he had chosen to. On August 26, 1960, defendant gave notice of a motion to strike the amended complaint on the grounds (1) that it did not comply with the court's minute order, and (2) that the court was without jurisdiction to entertain the amended complaint because of "the variance between the pleadings as they stood at the time of the trial and the proof adduced thereunder." This motion was denied on September 14. On the same day findings of fact and conclusions of law and an interlocutory judgment were filed.

These findings stated, among other things, that the parties had entered into the written contract which was attached to the answer, that plaintiff had performed services thereunder having a reasonable value of $49,253.75, of which $6,256.25 was for services and materials beyond the plans and specifications; that defendant had paid $36,020.24 and had given plaintiff his note for $4,000 and was entitled to further credit in the amount of $977.50 for certain tile not furnished, leaving a balance owing to plaintiff in the amount of $8,256.01.

The court also found that there were existing mechanic's liens on the property (meaning liens other than plaintiff's) in the amount of $5,486.05. The allegations of the complaint with respect to an account stated were found to be untrue.

The interlocutory judgment dclared that plaintiff was entitled to recover $8,256.01, which sum defendant was ordered to pay when releases of the mechanic's liens had been recorded and all other claims arising out of the construction had been discharged and proof thereof had been presented to the court. Plaintiff was ordered to pay all mechanic's liens and other claims arising out of the construction of the building.

The interlocutory judgment further declared that upon presentation of proof of the discharge of all such claims, the property would be sold by the sheriff and the proceeds applied to satisfy plaintiff's judgment.

On May 2, 1961, on motion of plaintiff, a further hearing was held before a different judge, at which time testimony was received. The court then made findings of fact that all claims against the property had been discharged and that defendant was entitled to an additional credit in the amount of $520 for money which he had paid to a lien claimant. Final judgment was thereupon entered for $7,736.01 and a foreclosure sale was ordered. Defendant's appeal is from that judgment.

Defendant states the first issue on appeal as follows:

"Where rights are governed by a written contract may one who disputes its existence recover thereunder, without pleading or proving compliance with its conditions precedent, by labelling his pleading one for 'declaratory relief'?"

The references to declaratory relief in the minute order and amended complaint are of no consequence. ▆ The so-called interlocutory judgment was not a judgment, but a provisional determination of some of the issues. It was not final because the court did not adjudicate the amount or the validity of the subcontractors' claims, but deferred that issue to give plaintiff a further opportunity to eliminate those items in any way he could. This interlocutory ruling was subject to reconsideration and revision at the time of the application for final judgment.[1] (*Maxwell* v. *Superior Court*, 1 Cal.2d 294 [34 P.2d 475]; *Solorza* v. *Park Water Co.*, 94 Cal.App.2d 818 [211 P.2d 891]. See 3 Witkin, California Procedure, pp. 1874, 1879.)

▆ Defendant justifiably criticizes plaintiff's failure to plead compliance with the written contract, even when given an opportunity to do so at the close of the evidence when the trial judge indicated his intention to base his decision on the written contract. However, the only breach of the written contract pleaded by defendant or discussed in the brief is plaintiff's failure to pay his subcontractors and keep the property free from liens. Such a failure on the part of the general contractor entitles the owner to an offset, but does not result in a forfeiture of all payment to the general contractor. (*Stone* v. *Serimian*, 198 Cal. 520, 523 [246 P. 45]; *Wyman* v. *Hooker*, 2 Cal.App. 36, 40 [83 P. 79]; see Code Civ. Proc., § 1186.1.) The action taken by the trial court in deferring final judgment until plaintiff could eliminate the subcontractors' claims gave the defendant the full benefit of the defense which he pleaded by way of answer and cross-complaint. It is noted that defendant did not allege that he had been required to pay any costs or attorney's fees or put to any other expense to protect his property from the liens of the subcontractors.

Defendant's second point on this appeal is that plaintiff failed to plead and the court failed to find that conditions precedent to a claim for extras had been met.

▆ The original complaint alleged that all of the work was done pursuant to an oral contract, and the amended complaint alleged that extras of the value of $14,219.17 were fur-

---

[1] Neither party contends that the interlocutory judgment was final. Defendant obviously would not because if it were, he would be bound by his failure to take an appeal within 60 days after entry.

nished pursuant to an oral agreement, and a list of claimed extras was incorporated. The trial court found that extras of a value of $6,256.25 (after credit for the tile not delivered) were furnished at defendant's request. One of the extras on the list was for additional foundations. The written contract set forth a special procedure whereby the contractor was to notify the owner if additional foundations were required, after which the owner was to have the option of terminating the contract or depositing the extra cost. Since the trial court found that all of the extras were furnished at defendant's request, we can only assume that the evidence showed that the defendant requested that these additional foundations be built. If he failed to make the advance deposit which the contract called for, he nonetheless owes the money.

The written contract also provided that if any extras are requested by the owner, then, upon demand of either the owner or contractor, the character and valuation of the extras shall be agreed upon and fixed in writing prior to execution. Without access to the evidence, this court cannot know whether either party demanded any such written valuation. Absent a demand for a writing, an executed oral agreement was sufficient. Moreover, the contract itself provides that "the Contractor is not deemed to have waived his right to compensation for extra work if the same is not provided for in writing." Since the record does not disclose any error in this respect, this court may not assume that the evidence does not support the finding that the extras were requested by the owner and that the reasonable value was as the court found it.

The trial court allowed plaintiff a 10 per cent profit on the labor and materials required for the extras, including the additional foundation. This is in accordance with the contract provision relating to extras generally. Defendant argues that the clause relating to the foundation says nothing about profit. The contract says that "the estimated cost" shall be deposited. In this context the trial court evidently construed cost to mean the owner's cost, which would include a reasonable profit to the contractor. The 10 per cent markup which the contract specifies for extras generally seems applicable.

Defendant's third point is that the court failed to find that plaintiff was justified in permitting liens to accrue against the property. Defendant's theory here is apparently that unless some justification was pleaded and proved, the general contractor should be held to have forfeited all right to payment when

he allowed subcontractors to file liens. No authority is cited for this proposition. As indicated above, the law is to the contrary.

Finally, defendant asserts that neither the claim of lien nor the pleadings makes clear what work was done or what kind of materials were furnished.

The recorded notice of claim of lien is not in the record. The original complaint alleged that plaintiff recorded a claim which contained "A statement of the kind of labor bestowed and the materials furnished by plaintiff." In the answer, this allegation was admitted by silence. Defendant's present contention is obviously an afterthought which deserves no extended discussion. The amended complaint contained a detailed list of the extras claimed, and the findings contained a detailed list of the 13 extras for which recovery was allowed, with a price for each. The one issue clearly raised by the pleadings was the value of the work and materials which were furnished, and we have no doubt this matter was thoroughly canvassed in the four days of trial.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied December 14, 1962.