No. 23450.

CARL A. HOUY, AS TRUSTEE OF THE ESTATE OF ASPEN DRILLING COMPANY, BANKRUPT *v.* DAVIS OIL COMPANY, PARTNERSHIP CONSISTING OF JACK DAVIS, MARVIN DAVIS AND JEAN DAVIS.
(486 P.2d 18)

Decided June 21, 1971.

THOMAS J. KERWIN, for plaintiff in error.

ANTHONY F. ZARLENGO, HOWARD M. KIRSHBAUM, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

CARL A. HOUY, Trustee in Bankruptcy for the Aspen Drilling Company, brought suit against the Davis Oil Company to recover sums which were allegedly due the Aspen Drilling Company on two drilling contracts. The Aspen Drilling Company, while in financial straits, contracted to drill two oil wells for the Davis Oil Company. Although the wells were not commenced within the time specified in the drilling contracts, the two wells were drilled to total depth and were completed in a good and workmanlike manner. Before the wells were completed, however, suppliers and materialmen filed mechanics' liens against one well. Thereafter, a supplemental agreement was entered into by the two parties, whereby the Davis Oil Company made partial payments to the Aspen Drilling Company and paid off the liens and some suppliers. After the wells were completed, the Davis Oil Company refused to pay the total contract price. The refusal of the Davis Oil Company to pay the balance of the contract price was premised on the Aspen Drilling Company's failure to drill a lien-free hole and to furnish materials and supplies.

The Trustee instituted suit on behalf of the Aspen

Drilling Company, and the Davis Oil Company counter-claimed for damages arising out of the liens which were filed against one of the wells. Trial was to the court. In the course of presenting his case, the plaintiff introduced into evidence the drilling contracts and offered testimony to establish that the wells were completed in a good and workmanlike manner and were drilled to total depth. At the conclusion of the plaintiff's case, the trial judge entered a judgment of dismissal, and the defendant's counterclaims were never resolved.

The decision of the trial court is now before us for review on writ of error. The primary question to be answered is whether the terms and conditions of the drilling contracts are such as to prevent recovery under the contract, even though the wells were drilled and completed in a good and workmanlike manner to the total contract depth. Stated another way, did the trial court err in finding that the Davis Oil Company was discharged from its obligation to pay the full contract price by the Aspen Drilling Company's breach of the conditions of the contract?

The contractual provisions upon which the court premised its decision provide:

"9. LABOR, EQUIPMENT, MATERIALS, SUPPLIES, AND SERVICES:

"The furnishing of labor, equipment, appliances, materials, supplies, and services of whatever character necessary or proper in the drilling and completion of said well and not otherwise specifically provided for herein shall be furnished by Contractor or Owner....

. . . .

"17. PAYMENT OF CLAIMS:

"Contractor agrees to pay all claims for labor, materials, services, and supplies to be furnished by Contractor hereunder, and agrees to allow no lien or charge to be fixed upon the lease, the well, or other property of the Owner or the land upon which said well is located."

The effect of the court's decision is to not only make

the provisions material elements of the contract, but also to cause the drilling contractor to prove that the provisions of these paragraphs have been complied with as a condition precedent to recovery under the contract. The court's interpretation of paragraphs nine and seventeen prevented recovery on proof of substantial performance of the drilling contract.

 The law relating to drilling contracts grew out of general contract law and the practices which were followed by oil companies, "wild catters," drilling contractors and others that looked to oil and gas exploration as a way of life. Oil and gas wells are more often than not drilled by drilling contractors that look to oil well supply companies and to various specialized services and material contractors to complete their work. Standard forms of agreement have emerged in the industry, but the law construing the terms of these agreements is grounded in the common law of contracts. The law relating to drilling contracts is not different from the general law of contracts when the issue of performance, discharge and breach of contract is compared. Each contracting party is under a duty to substantially perform the obligations imposed upon him under the contract, unless performance is waived, excused or discharged by the breach of the other party.

 The facts in this case indicate that there has been substantial performance of the contract by the Aspen Drilling Company. Where a driller has substantially performed his duties as prescribed by contract, he is entitled to compensation therefor, in accordance with the provisions of the contract. *Lemm v. Sparks,* 230 Ark. 105, 321 S.W.2d 388 (1959); *Burroughs v. Buford,* 182 S.W.2d 628 (Mo.App. 1944). On numerous occasions, this Court has upheld the analogous proposition that when there has been substantial performance, the contractor is entitled to the contract price, less the amount needed to rectify the contractor's failure to perform the contract according to its exact letter. *See*

*Little Thompson Water Ass'n v. Strawn,* 171 Colo. 295, 466 P.2d 915 (1970); *Reynolds v. Armstead,* 166 Colo. 372, 443 P.2d 990 (1968); *Campbell v. Koin,* 154 Colo. 425, 391 P.2d 365 (1964); *Zambakian v. Leson,* 77 Colo. 183, 234 P. 1065 (1925); *Louthan v. Carson,* 63 Colo. 473, 168 P. 656 (1917); *Morris v. Hokosona,* 26 Colo. App. 251, 143 P. 826 (1914). We, therefore, hold that where a driller has substantially performed his contract by drilling wells in a good and workmanlike manner and to a total depth, but has failed to pay his materialmen or subcontractors or has failed to keep the lease, well, or other property of the owner or lessee free from liens, the owner is entitled to an offset against the contract price. Such failure on the part of the driller does not result in a forfeiture of all outstanding payments or balances under the contract. For a similar holding, *see Ferelli v. Weaver,* 210 Cal. App.2d 108, 26 Cal. Rptr. 439 (1962).

██ Even if the Aspen Drilling Company's failure to pay its bills for labor, equipment, materials, and supplies was to be considered a breach of the contract, the breach would not bar recovery, since the breach was waived by the supplemental agreement entered into herein, whereby the Davis Oil Company recognized the precarious financial condition of the Aspen Drilling Company and agreed to directly pay some of its drilling expenses. *See generally, Royal Oil & Gas Co. v. Buick Drilling, Inc.,* 141 Colo. 362, 348 P.2d 148 (1960).

██ The defendant also argues that the plaintiff's failure to commence the drilling of the two wells within the time specified in the contract prevents recovery by the plaintiff. The contract specifically sets forth that time is of the essence of the contract. Where the time for commencement of a well is fixed by contract, time is usually held to be of the essence. *T. G. Shaw Oil Corp. v. Parker,* 61 S.W.2d 587 (Tex.Civ.App. 1933); *Rock Creek Oil Co. v. Wolfe,* 35 S.W.2d 1072 (Tex.Civ.App. 1930); *Niles v. Meade,* 189 Ky. 243, 224 S.W. 854 (1920).

However, this Court has held that an express contractual provision stating that time is of the essence is not conclusive where there is nothing in the record to show that time was of the essence in fact. *Jones v. McKinney,* 107 Colo. 215, 110 P.2d 258 (1941); *Rocky Mountain Gold Mines v. Gold, Silver & Tungsten,* 104 Colo. 478, 93 P.2d 973 (1939). Moreover, by allowing the driller to commence work after the expiration of the prescribed period, the owner acknowledges the continuing existence of the contract, and is thereby estopped from asserting the breach as a discharge of his contractual obligations. *See Fitzwater v. Norcross,* 95 Colo. 527, 37 P.2d 522 (1934); *American Surety Co. v. Scott,* 63 F.2d 961 (10th Cir. 1933); *Mound Mines Co. v. Hawthorne,* 173 F. 882 (8th Cir. 1909); *Bettes v. Mid-Texas Petroleum Co.,* 243 S.W. 753 (Tex.Civ.App. 1922); *Niles v. Meade, supra.*

The trial court dismissed this case at the conclusion of the plaintiff's evidence, and the counterclaims of the defendant were not heard. The judgment of dismissal is reversed, and the cause is remanded for a new trial consistent with the views expressed herein.

Judgment reversed.

MR. JUSTICE KELLEY, MR. JUSTICE DAY and MR. JUSTICE LEE concur.