536 P.2d 848 (1975)
Daniel KOLE and Anita Kole, Plaintiffs-Appellees,
v.
The PARKER YALE DEVELOPMENT COMPANY, a Colorado Corporation, Defendant-Appellant.
No. 73-459.
Colorado Court of Appeals, Div. II.
March 25, 1975.
As Modified June 16, 1975.
Rehearing Denied April 15, 1975.
Certiorari Denied June 23, 1975.
*849 Litvak, Schwartz & Karsh, P. C., Alan E. Karsh, Denver, for plaintiffs-appellees.
Meer, Wolf & Slatkin, P. C., Albert B. Wolf, Denver, for defendant-appellant.
Not Selected for Official Publication.
KELLY, Judge.
Defendant, The Parker Yale Development Co., appeals from a judgment granting plaintiffs, Mr. and Mrs. Kole, rescission of their contract to purchase a condominium unit to be built by Parker-Yale, and ordering return of the Koles' $3,000 cash down payment and cancellation of the $3,000 promissory note given by the Koles as the balance on the down payment. We reverse.
The contract between the Koles and Parker-Yale provided for completion of the unit within 180 days. It also authorized the Koles to make written changes in the plans and specifications. The undisputed evidence disclosed and the trial court found that construction was not completed within the 180-day period and that the Koles, prior to completion, sent a letter to Parker-Yale rescinding the contract. No certificate of occupancy had been issued on the date of the attempted rescission. The trial court also found that the Koles' requests for construction changes predated the execution of the contract and that therefore, Parker-Yale was not excused from timely performance. These were the only findings of fact and there was no evidence of any other substantial breach of the contract by Parker-Yale. The trial court concluded as a matter of law that the Koles had sufficient grounds to warrant rescission of the contract, and entered judgment granting rescission and dismissing Parker-Yale's counterclaim for breach of contract.
Parker-Yale argues that rescission of the contract may not be granted in this case, there being neither express language in the contract making time of the essence, nor evidence that the parties intended the completion clause in the contract to serve as a substitute therefor. We agree.
Rescission may be granted where the facts show, among other things, that there was a substantial breach, or that the injury caused by the breach is irreparable, or that damages would be inadequate, difficult, *850 or impossible to assess. Briggs v. Robinson, 82 Colo. 1, 256 P. 639. However, it is not a proper remedy for a mere variance from the terms of the contract. See Gregerson v. Weatherly, 160 Colo. 414, 417 P.2d 769. Here, there was neither evidence of a substantial breach, nor evidence of any injury or damages caused by the delay, and the trial court made no such findings.
Neither was there evidence that the parties intended the 180-day completion clause to be a time of the essence clause in the contract, and except for the completion clause itself, the contract is silent on the subject. Time is not of the essence of a contract unless it is made so by express provisions in the contract or by the facts of the case. See Houy v. Davis Oil Co., 175 Colo. 180, 486 P.2d 18; Kitt v. Runge, 86 Colo. 479, 282 P. 1067. A completion requirement in a building contract is ordinarily construed as providing the buyer with a remedy in damages for breach of contract in lieu of strict performance. See Ottumwa Bridge Co. v. Corrigan, 251 Mo. 667, 158 S.W. 39.
The trial court's finding that the Koles' requests for construction changes preceded the execution of the contract was not relevant to the issues in the case. This fact did not transform the completion clause into a time of the essence requirement. Indeed, the very presence of provisions in a building contract authorizing the buyer to make changes in the plans during the progress of the work supports the interpretation that the parties did not intend time to be of the essence, and this is so, whether or not the buyer exercises the right. See Harris v. United States Fidelity & Guaranty Co., 213 S.W. 151 (Mo.Ct. App.).
Nor did the issuance of a certificate of occupancy have any bearing on the issues, since the rights of the parties were fixed on the date of the attempted rescission. See Kammert Brothers Enterprises, Inc. v. Tanque Verde Plaza Co., 102 Ariz. 301, 428 P.2d 678. The attempted rescission being legally ineffective, Parker-Yale was entitled to treat the Koles' conduct as a breach of contract and is entitled to have its damages determined. Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to the trial court to reinstate defendant's counterclaim, to dismiss plaintiffs' complaint, to grant plaintiffs leave to file an amended complaint for damages, if they so desire, to permit responsive pleadings thereto, and for further proceedings not inconsistent with this opinion.
PIERCE and SMITH, JJ., concur.